UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

**CASE NO.** _____

ZEV SUPPLIES CORP.,
a New York corporation,

     Plaintiff,

v.

HENAN HUIBO MEDICAL
CO., LTD., a People's Republic
of China limited company,

     Defendant.
_____/

## COMPLAINT

Plaintiff, Zev Supplies Corp. ("Zev Supplies"), by and through its undersigned counsel, sues Defendant, Henan Huibo Medical Co., Ltd. ("Henan Huibo"), and states as follows:

## NATURE OF ACTION

1. This is a civil action under, *inter alia*, the United Nations Convention on Contracts for the International Sale of Goods, S. Treaty Doc. No. 9, 98th Cong., 1st Sess. 22 (1983), 19 I.L.M. 671, reprinted at 15 U.S.C. app. (1997) ("CISG"), concerning the purchase and sale of respiratory masks for use in the United States healthcare system in response to COVID-19. Plaintiff seeks monetary relief, including damages, interest, and costs.

## THE PARTIES

2. Plaintiff Zev Supplies Corp. is a for-profit corporation organized and existing under the laws of the State of New York. Zev Supplies is a registered foreign corporation within the State of Florida with its principal place of business located at 3020 NW 27th Street, Lauderdale Lakes, Florida 33311.

3. Defendant Henan Huibo Medical Co., Ltd. is a limited company organized and existing under the laws of the People's Republic of China ("P.R.C." or "China") with its principal place of business located at Weishi Road Central, Nanyang New Energy, Economic & Technological Development Zone, Nanyang City, Henan Province, China.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action under 28 U.S.C § 1331 because the contract in question is governed by the United Nations Convention on Contracts for the International Sale of Goods, a treaty to which the United States and China are signatories, and therefore this is a civil action arising under the Constitution, laws, or treaties of the United States.

5. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this controversy is between citizens of this State and citizens or subjects of a foreign state.

6. This Court has supplemental jurisdiction over this action under 28 U.S.C. § 1367.

7. Personal jurisdiction over Henan Huibo is founded on:

   a. Section 48.193(1)(a)(1), Florida Statutes, because it operates, conducts, engages in or carries on a business in Florida; and/or

   b. Section 48.193(1)(a)(2), Florida Statutes, because it committed a tortious act or acts in Florida, as further alleged herein; and/or

   c. Section 48.193(1)(a)(7), Florida Statutes, because it breached a contract in this state by failing to deliver N95 masks to Zev Supplies in Florida; and/or

   d. Section 48.193(2), Florida Statutes, because it has engaged and/or is engaging in substantial, not isolated, activities within the State of Florida.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## GENERAL ALLEGATIONS

9. In response to the global pandemic caused by COVID-19, Henan Huibo and Zev Supplies began negotiating for the purchase and sale of personal protective equipment from China, specifically N95 masks, to be shipped to and sold in the United States.

*Henan Huibo's Fraudulent Advertising*

10. During negotiations, Henan Huibo repeatedly represented that its masks fully complied with the U.S. N95 standard and filtered out at least 95 percent of airborne particles. Henan Huibo further represented that it was certified by the U.S. Food and Drug Administration ("FDA") and the U.S. Centers for Disease Control and Prevention ("CDC") to produce "N95" respirators for export.

11. In fact, Henan Huibo produced comprehensive marketing materials claiming its masks to be "N95" masks. Specifically, Henan Huibo's Epidemic Prevention Products Manual (the "Manual"), which Henan Huibo representatives disseminated to potential customers, including Zev Supplies, displays several pictures of masks labeled as "N95" masks. A copy of the Manual is attached as Exhibit "A."

12. The Manual also contains a "Certification of Registration" purportedly issued by the FDA to Henan Huibo for the 2020 fiscal year. *See* Ex. "A;" a copy of the Certification of Registration Henan Huibo purportedly received from the FDA is attached as Exhibit "B." However, mere appearance on the FDA's voluntary registration and device listing database with respect to certain product categories, which any foreign manufacturer of medical devices and protective gear can do, does not represent any form of FDA approval, endorsement, or certification of accuracy. According to the FDA, "[r]egistration and listing *does not* denote FDA approval,

3

clearance, or authorization of a device or endorsement of a firm; rather, it simply provides the FDA with the location of a medical device establishment and devices manufactured at that location . . . . [T]he FDA *does not* issue Registration Certificates to medical device establishments."[1]

13. Zev Supplies was specifically in the market to purchase N95 masks for resale in the United States. Knowing this, Henan Huibo provided marketing material, including the Manual, to Zev Supplies attempting to entice Zev Supplies to purchase its purported "N95" masks.

***Zev Supplies Contracts to Purchase N95 Masks***

14. In reliance on the Manual and other misleading marketing material, coupled with Henan Huibo's repeated representations of its compliance with the N95 standard, Zev Supplies executed a contract for the purchase and sale of respiratory protective masks (the "Contract") on or around March 20, 2020. A copy of the Contract is attached as Exhibit "C."

15. Under the Contract, Henan Huibo agreed to sell and export to Zev Supplies in the U.S. 100,000 "N95 Daily Respiratory Protective Mask[s]" (the "Product") in exchange for payment of USD $250,000.00. *Id.* The Contract required Zev Supplies to remit fifty (50) percent payment upon execution of the Contract and the remaining fifty (50) percent by April 6, 2020. *Id.* The "N95" designation, which is also expressly stated in the Contract, was material in Zev Supplies' decision to purchase the Product from Henan Huibo. *See id.*

16. On March 30, 2020, Zev Supplies rendered payment greater than the contract price to Henan Huibo in the sum of USD $260,000.00 via wire transfer as instructed in the Contract. A copy of the wire transfer from Zev Supplies to Henan Huibo is attached as Exhibit "D."

---

[1] U.S. Food and Drug Administration official website, "Frequently Asked Questions," available at https://www.fda.gov/medical-devices/emergency-situations-medical-devices/faqs-euas-non-niosh-approved-respirators-during-covid-19-pandemic (last accessed Oct. 8, 2020) (emphasis added).

17.     Zev Supplies paid USD $40,000.00 to ship the product to the United States on an expedited basis, given the urgent need for N95 masks in the United States at that time.

18.     On April 6, 2020, Zev Supplies received 100,000 masks in packaging labeling the masks simply as "95" masks, not "N95" as Henan Huibo advertised and as Zev Supplies bargained and contracted for. Indeed, the "95" masks Zev Supplies received had no indication of compliance with the required filtration and respiratory standards set forth by the FDA and CDC.

*Zev Supplies Demands a Refund*

19.     Between May 12, 2020, and May 14, 2020, a representative of Zev Supplies contacted a Henan Huibo representative via e-mail regarding the misrepresented masks. The following e-mail exchange took place:

> **[Zev Supplies]**
>
> Hello,
> I've purchase[d] [a] large quantity of the attached masks. [O]n the package it is only stating "95" can you please help me with information if this is N95 or KN95 or neither?
> Thank You
>
> **[Henan Huibo]**
>
> Dear Feldman,
> You bought already? This is GB 62310-2016 standard which is similar as KN95 standard GB2626-2006. Do you have any new order plan[ed]? If you have plan, please let me know and now our daily capacity is 2 millions [*sic*] KN95 masks.

*See* E-mail Correspondence between Zev Supplies (Y.Y. Feldman) and Henan Huibo (B. Feng) dated May 12, 2020 at 3:29 p.m. and May 14, 2020 at 3:01 a.m., attached as Exhibit "E."

20.     On information and belief, based on Plaintiff's preliminary investigation, there is no such thing as the "GB 62310-2016" standard being propounded by Henan Huibo, much less any face mask, respirator, or other personal protective equipment product that can purport to

5

conform to such standard in China or anywhere else. Even if Henan Huibo's product somehow does conform to this (at best nebulous) standard, since it is neither an N95 respirator (as advertised) nor a KN95 respirator within the ambit of the FDA's emergency use authorization, its product would still be categorically barred from use in any U.S. healthcare setting.

21. On June 30, 2020, Zev Supplies sent a letter to Henan Huibo formally demanding the return of its USD $260,000.00 payment for the nonconforming goods (the "Demand Letter"). A copy of the Demand Letter is attached as Exhibit "F." Henan Huibo failed to formally respond.

22. Instead, a representative of Henan Huibo contacted a Zev Supplies representative on July 6, 2020, through text message regarding the Demand Letter. A transcript of these text messages is attached as Exhibit "G." The Henan Huibo representative expressly admitted that Henan Huibo could not, and therefore purposefully did not, sell N95 masks to Zev Supplies. Specifically, Henan Huibo pleaded to Zev Supplies to not get the lawyers involved because "only *early of next year*, we can get the N95 masks certificate NIOSH[2] [sic]." *Id.* (emphasis added). Henan Huibo's representative further requested that "if [Zev Supplies] can wait till then, we can give you the N95 masks instead." *Id.* Zev Supplies' representative declined to wait any longer and once again demanded a refund in exchange for the return of the nonconforming goods.

23. Henan Huibo continued to string Zev Supplies along by alleging, on July 16, 2020, that it agreed to refund Zev Supplies the USD $260,000.00. A transcript of these text messages is attached as Exhibit "H." Henan Huibo, however, declined to refund Zev Supplies the USD $40,000.00 shipping costs. *Id.*

24. At all times relevant hereto, Henan Huibo was not included, and has never been included, in the FDA's list of Authorized Imported, Non-NIOSH Approved Respirators

---

[2] "NIOSH" refers to the U.S. National Institute for Occupational Safety and Health.

6

Manufactured in China,[3] or the CDC's list of Approved N95 Particulate Filtering Facepiece Respirators.[4]

25. To date, Henan Huibo has failed to return any monies to Zev Supplies, despite multiple demands for a full refund by Zev Supplies, including by way of the Demand Letter, as well as its agreement to do so. *See* Ex. "F."

26. Zev Supplies' purchase of the nonconforming Product from Henan Huibo has tarnished its reputation with customers and has prevented Zev Supplies from conducting further business with said customers.

27. Zev Supplies has been obligated to retain the below-signed law firm and to pay them a reasonable fee and for costs in order to bring this suit.

28. All conditions precedent to bringing this lawsuit have been performed, excused, and/or waived.

## COUNT I
### Breach of Contract for the International Sale of Goods
### Under the CISG

29. Zev Supplies re-alleges paragraphs 1 through 28 above as if fully alleged herein.

30. On or around March 20, 2020, Zev Supplies and Henan Huibo executed the Contract. Under the Contract, Henan Huibo was required to deliver N95 daily respiratory protective masks to Zev Supplies.

---

[3] The FDA's official list of Authorized Imported, Non-NIOSH Approved Respirators Manufactured in China is available at https://www.fda.gov/medical-devices/coronavirus-disease-2019-covid-19-emergency-use-authorizations-medical-devices/personal-protective-equipment-euas (last updated July 30, 2020, last accessed Oct. 8, 2020).

[4] The CDC's official list of Approved N95 Particulate Fil5505tering Facepiece Respirators is available at https://www.cdc.gov/niosh/npptl/topics/respirators/disp_part/n95list1.html (last updated June 19, 2020, last accessed Oct. 8, 2020).

31. Both the United States and China are signatories to the CISG. The Contract does not expressly exclude the application of the CISG. Therefore, the CISG governs the formation of the Contract between Zev Supplies and Henan Huibo and the rights and obligations of Zev Supplies and Henan Huibo arising under the Contract.

32. Article 30 of the CISG requires Henan Huibo to deliver the Product, specifically 100,000 masks conforming to the NIOSH "N95" standard, as required under the Contract.

33. On or around April 6, 2020, Zev Supplies received 100,000 masks labeled as "95" masks, not "N95" as required under the Contract, and by Henan Huibo's own admission, the "95" masks delivered to Zev Supplies are not in fact the "N95" masks that it had induced Zev Supplies to purchase and pay for under the Contract.

34. The inability of Henan Huibo's masks to meet the filtration threshold and thus bear the "KN95" or "N95" labelling significantly decreased the resale value and Zev Supplies' profit potential, substantially depriving Zev Supplies of what it reasonably expected under the Contract.

35. Accordingly, pursuant to Article 25 of the CISG, Henan Huibo fundamentally breached the Contract by failing to deliver masks that were of the quality and description required by the Contract, namely 100,000 masks that meet the N95 filtration standard.

36. Pursuant to Article 77 of the CISG, Zev Supplies has taken measures to mitigate its damages resulting from Henan Huibo's fundamental breach.

37. However, Zev Supplies has suffered damages totaling USD $260,000.00 in addition to lost profits and shipping costs of USD $40,000.00. Therefore, pursuant to Article 45 of the CISG, Zev Supplies is seeking to recover the damages it sustained as result of Henan Huibo's fundamental breach of the Contract.

38. Article 74 of the CISG provides for "[d]amages for breach of contract by one party" calculated as the "sum equal to the loss, including loss of profit, suffered by the other party as a consequence of the breach." CISG, Art. 74. The damages, however, "may not exceed the loss which the party in breach foresaw or ought to have foreseen at the time of the conclusion of the contract, in the light of the facts and matters of which he then knew or ought to have known, as a possible consequence of the breach of contract." *Id.*

39. Zev Supplies is entitled to recover pre-judgment interest on the outstanding balance of USD $260,000.00 from Henan Huibo under Article 78 of the CISG, which provides that "[i]f a party fails to pay the price or any other sum that is in arrears, the other party is entitled to interest on it, without prejudice to any claim for damages recoverable under article 74 [for breach of contract]." CISG, Art. 78.

WHREEFORE, Zev Supplies demands judgment against Defendant Henan Huibo for damages, including any and all foreseeable damages, costs, shipping costs, lost profits, interest at a rate prescribed under Sections 687.01 and 55.03, Florida Statutes, incidental and consequential damages, and such further relief as the Court deems just and appropriate.

## COUNT II
### (In the Alternative to Count I)
### Unjust Enrichment

40. Zev Supplies re-alleges paragraphs 1 through 28 above as if fully alleged herein.

41. Zev Supplies conferred a benefit on Henan Huibo in the amount of USD $260,000.00 in exchange for the Product.

42. Henan Huibo voluntarily accepted and retained the benefit Zev Supplies conferred as evidenced by the fact that Henan Huibo shipped goods, albeit nonconforming, to Zev Supplies.

43. Zev Supplies suffered a direct financial loss due to Henan Huibo's shipment of nonconforming goods.

44. The circumstances are such that it would be inequitable for Henan Huibo to retain the benefit without paying the value thereof.

WHEREFORE, Zev Supplies demands judgment against Defendant Henan Huibo for all recoverable damages, interest as allowed by law, and for such further relief as the Court deems just and appropriate.

## COUNT III
**Fraudulent Misrepresentation**

45. Zev Supplies re-alleges paragraphs 1 through 28 above as if fully alleged herein.

46. Henan Huibo falsely misrepresented a material fact to Zev Supplies when it alleged that the masks it produced met the 95 percent filtration threshold and hence were N95 masks.

47. At all times relevant hereto, Henan Huibo knew that its masks did not meet the filtration requirements of proper N95 masks. Further, Henan Huibo's representative acknowledged that the Product was merely "*similar*" to KN95 masks but was not, in fact, KN95 masks. *See* Ex. "E." Even if the Product was KN95 masks, Henan Huibo would still be in breach of the Contract, which is expressly for the sale and purchase of N95 masks.

48. In fact, Henan Huibo admitted that it could not deliver N95 masks until at least next year. *See* Ex. "G."

49. Nevertheless, Henan Huibo intended for its representations to induce Zev Supplies to purchase its masks.

50. Zev Supplies did, in fact, rely on Henan Huibo's misrepresentations and executed the Contract to purchase the Product, paying USD $260,000.00 for the same in addition to other

10

costs associated with the purchase and distribution of the Product, including shipping costs totaling USD $40,000.00.

51. Henan Huibo's masks did not meet the filtration requirements in order to be properly classified as N95 masks. The inability to appropriately label the masks as N95 significantly decreased Zev Supplies' ability to sell the masks to buyers.

52. As a result of Henan Huibo's misrepresentations, Zev Supplies has been damaged.

WHEREFORE, Zev Supplies demands judgment against Defendant Henan Huibo for all recoverable damages, interest as allowed by law, and for such further relief as the Court deems just and appropriate.

## COUNT IV
### Negligent Misrepresentation

53. Zev Supplies re-alleges paragraphs 1 through 28 above as if fully alleged herein.

54. At all times relevant hereto, Henan Huibo should have known that the masks it produced and sold were not N95 masks. Additionally, Henan Huibo should have known that it did not have any FDA and/or CDC certification to produce N95 masks for export.

55. Nevertheless, Henan Huibo intended to induce Zev Supplies to act on these misrepresentations by executing the Contract for the purchase of the Product.

56. Zev Supplies justifiably relied on Henan Huibo's misrepresentations by agreeing to purchase the Product and executing the Contract.

57. Zev Supplies subsequently paid Henan Huibo USD $260,000.00 for the Product in addition to other costs associated with the purchase and distribution of the Product, including shipping costs totaling USD $40,000.00.

58. Henan Huibo's masks were, in fact, not N95 masks and Henan Huibo did not have any form of certification from the FDA and/or CDC to produce N95 masks for export.

59. As a result of Henan Huibo's misrepresentations, Zev Supplies has been damaged.

WHEREFORE, Zev Supplies demands judgment against Defendant Henan Huibo for all recoverable damages, interest as allowed by law, and for such further relief as the Court deems just and appropriate.

## COUNT V
**Fraudulent Inducement**

60. Zev Supplies re-alleges paragraphs 1 through 28 above as if fully alleged herein.

61. Henan Huibo falsely stated that its masks were N95 masks, meaning that they met the minimum filtration requirement as set forth by the FDA of 95 percent.

62. Henan Huibo further falsely stated that it received a "Certification of Registration" from the FDA for the 2020 fiscal year. *See* Ex. "B."

63. At all times relevant hereto, Henan Huibo knew that the masks it produced were not N95 masks and therefore it did not have the authorization to produce and export masks that did not meet the 95 percent filtration requirement into the United States.

64. In fact, Henan Huibo later admitted that it was unable to produce N95 masks until at least 2021. *See* Ex. "G."

65. Regardless, Henan Huibo made several misrepresentations with the intent to induce Zev Supplies to enter into the Contract for 100,000 masks purporting to be classified as N95.

66. Zev Supplies relied on Henan Huibo's misrepresentations and rendered payment for the Product in excess of the contracted price for a total of USD $260,000.00 in addition to shipping costs totaling USD $40,000.00.

67. Henan Huibo's masks were, in fact, not N95 masks as the FDA did not include Henan Huibo on its list of authorized respirators nor did the CDC include Henan Huibo's masks on its list of Approved N95 Particulate Filtering Facepiece Respirators.

68. Moreover, the Product was labeled merely as "95" masks and there was no indication of the masks' compliance with the filtration and respiratory standards required by the FDA and CDC, or those of the appropriate regulatory agencies of China or any other country.

69. If Zev Supplies had known the truth of Henan Huibo's false representations, it would not have entered into the Contract nor would it have purchased the Product.

70. As a result of Henan Huibo's misrepresentations, Zev Supplies has been damaged.

WHEREFORE, Zev Supplies demands judgment against Defendant Henan Huibo for all recoverable damages, interest as allowed by law, and for such further relief as the Court deems just and appropriate.

## COUNT VI
### Breach of Florida's Deceptive and Unfair Trade Practice Act ("FDUPTA") Florida Statutes §§ 501.201, *et seq.*

71. Zev Supplies re-alleges paragraphs 1 through 28 above as if fully alleged herein.

72. On or around March 20, 2020, Zev Supplies contracted to purchase 100,000 masks purporting to be N95 for a contract price of USD $250,000.00.

73. Zev Supplies is a "consumer" as defined under Section 501.203(7), Florida Statutes.

74. Henan Huibo distributed 100,000 masks from China to the United States thereby engaging in "trade or commerce" as defined in Section 501.203(8), Florida Statutes.

75. Henan Huibo misrepresented that the masks it produced met the 95 percent filtration rate and hence were N95 masks.

76. Henan Huibo's masks are not included in the FDA's list of authorized respirators or the CDC's list of Approved N95 Particulate Filtering Facepiece Respirators. Contrary to Henan Huibo's representations, its masks are not authorized by the FDA and/or the CDC.

77. Henan Huibo's actions constitute unconscionable acts and practices and unfair and deceptive trade practices that are expressly prohibited by Section 501.204, Florida Statutes.

78. Zev Supplies rendered payment for the masks in an amount greater than the contract price, or USD $260,000.00, in addition to other costs associated with the Product including shipping costs totaling USD $40,000.00.

79. The unauthorized and nonconforming masks Zev Supplies received from Henan Huibo are worth significantly less than masks with FDA authorization therefore substantially diminishing Zev Supplies' profitability.

80. As a direct and proximate cause of Henan Huibo's unconscionable acts and unfair and deceptive trade practices, Zev Supplies has been damaged.

WHEREFORE, Zev Supplies demands judgment against Defendant Henan Huibo for all recoverable damages, interest as allowed by law, reasonable attorneys' fees and costs pursuant to Section 501.2105, Florida Statutes, and for such further relief as the Court deems just and appropriate.

## COUNT VII
**Breach of Fiduciary Duty**

81. Zev Supplies re-alleges paragraphs 1 through 28 above as if fully alleged herein.

82. Henan Huibo owed Zev Supplies a fiduciary duty to fulfill an order for 100,000 N95 masks as the Contract required.

83. Henan Huibo breached its fiduciary duty by exporting masks labeled as "95," not "N95," and with no indicated that such masks met the 95 percent filtration threshold.

84. Henan Huibo also breached that duty by falsely representing it was certified by the FDA and the CDC to produce and export N95 masks, which was false.

85. As a result of Henan Huibo's actions or inactions, Zev Supplies has been damaged.

WHEREFORE, Zev Supplies demands judgment against Defendant Henan Huibo for all recoverable damages, interest as allowed by law, and for such further relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff Zev Supplies respectfully demands a trial by jury on all matters so triable.

Dated: October 13, 2020

Respectfully submitted,

DIAZ, REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

By: */s/ Roland Potts*
Xingjian Zhao (Florida Bar No. 86289)
Attorney E-mail Address: xzhao@diazreus.com
Roland Potts (Florida Bar No. 87072)
Attorney E-mail Address: rpotts@diazreus.com

*Counsel for Plaintiff Zev Supplies Corp.*